E-FILED
Friday, 12 June, 2026 07:21:54 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

JENNIFER RANDOLPH and MAGGIE MCMAHON, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

IOWA HEALTH SYSTEM d/b/a UNITYPOINT HEALTH,

Defendant.

Case No. 4:26-cv-04110-SLD-RLH

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Iowa Health System d/b/a UnityPoint Health ("UnityPoint" or "Defendant"), pursuant to Fed. R. Civ. P. 8 & 12, states as follows its answer to Plaintiffs' Complaint:

## I. NATURE OF PLAINTIFF'S CLAIMS

**COMPLAINT ¶1:**

This is a collective and class action for unpaid overtime and regular wages brought by hourly paid employees under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA").

**ANSWER:**

Defendant admits Plaintiffs purport to assert a collective and class action against Defendant seeking the relief described but denies the remaining allegations of this paragraph.

**COMPLAINT ¶2:**

This case arises from Defendant's failure to pay Plaintiffs and other similarly situated hourly employees all earned regular and overtime pay for all time worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶3:**

Defendant Iowa Health System d/b/a UnityPoint Health operates, owns, and controls hospitals and health care facilities in Illinois.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶4:**

Defendant has a wage and hour policy and practice that rounds Plaintiffs' and similarly situated hourly employees' clock in and clock out times to the advantage of Defendant and to the detriment of Plaintiffs and all other similarly situated hourly employees.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶5:**

Defendant's time clock rounding policies and practices violate the FLSA, IMWL and IWPCA and result in the underpayment of overtime and regular wages.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶6:**

Defendant's wage violations will be shown from, among other things, a comparison of the face of Defendant's pay stubs issued to employees, and Defendant's own time records for those same employees.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶7:**

Defendant's rounding practices are perfectly suitable to collective and class action treatment.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶8:**

Plaintiffs bring their FLSA overtime claims as a collective action pursuant to 29 U.S.C. 216(b) on behalf of hourly employees who worked for Defendant in Illinois. Plaintiffs bring their IMWL overtime claims and IWPCA unpaid wage claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Illinois hourly employees.

**ANSWER:**

Defendant admits Plaintiffs purport to assert a collective and class action against Defendant as described but denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

**COMPLAINT ¶9:**

This Court has original jurisdiction over Plaintiffs' FLSA claims in this action under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**ANSWER:**

Defendant admits that this Court has jurisdiction over Plaintiffs' FLSA claims pursuant to the statutes cited but denies the remaining allegations in this paragraph.

**COMPLAINT ¶10:**

This Court has supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367.

**ANSWER:**

Defendant admits that this Court has jurisdiction over Plaintiffs' state-law claims pursuant to the statute cited but denies the remaining allegations of this paragraph.

**COMPLAINT ¶11:**

This Court is an appropriate venue for this collective and class action because the unlawful employment practices occurred in this district and the Defendant conducts substantial business in this District, including operating health care facilities, and employing the putative collective and class members.

**ANSWER:**

Defendant denies the allegations of this paragraph.

## THE PARTIES

**COMPLAINT ¶12:**

Plaintiff Randolph is an individual who Defendant employed as an hourly paid, non-exempt Registered Nurse. Plaintiff worked for Defendant for many years over several periods, including from approximately July 2005 to approximately July 2019, July 2020 to September 2021, and May 2023 to December 2023.

**ANSWER:**

Defendant admits that Plaintiff Randolph was employed as an hourly non-exempt registered nurse. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶13:**

Plaintiff Randolph primarily worked at three Unity Point campuses owned and operated by Defendant, and located at 2701 17th St., Rock Island, Illinois; 500 John Deere Road, Moline, Illinois; and 4500 Utica Ridge Road, Bettendorf, Iowa. Plaintiff also floated between many Unity Point hospitals.

**ANSWER:**

Defendant admits that Plaintiff Randolph worked at a facility branded as UnityPoint. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶14:**

Plaintiff McMahon is an individual who Defendant employed from approximately June 2006 to approximately March 2024 as an hourly paid, non-exempt employee.

**ANSWER:**

Defendant admits Plaintiff McMahon was employed as an hourly non-exempt employee. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶15:**

Plaintiff McMahon worked at the Unity Point facility owned and operated by Defendant and located in Rock Island, Illinois.

**ANSWER:**

Defendant admits Plaintiff McMahon worked at a facility branded as UnityPoint. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶16:**

Plaintiff Randolph resides in and is domiciled within this judicial district.

**ANSWER:**

Defendant lacks sufficient information or knowledge to form a belief about the truth of this allegation and therefore denies the allegations of this paragraph.

**COMPLAINT ¶17:**

Plaintiff McMahon resides in and is domiciled within this judicial district.

**ANSWER:**

Defendant lacks sufficient information or knowledge to form a belief about the truth of this allegation and therefore denies the allegations of this paragraph.

**COMPLAINT ¶18:**

Defendant Iowa Health System is an Iowa corporation registered to do business in Illinois as UnityPoint Health with its Illinois registered agent located in Chicago, Illinois.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶19:**

Defendant is a vertically integrated healthcare system.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶20:**

Defendant during the period relevant to this lawsuit employed several thousand hourly employees in Illinois.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶21:**

Defendant currently owns and operates hospitals in Rock Island and Moline, Illinois and operates many primary care and urgent care facilities throughout central Illinois.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶22:**

Defendant employed Plaintiffs and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief as to whether other unknown purported collective or class members were Defendant's employees in the relevant period and therefore denies said allegation. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶23:**

At all relevant times, Defendant was an "employer" of Plaintiffs and other similarly situated persons, as that term is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), Section 3(c) of the IMWL, 820 ILCS § 105/3(c), and Section 2 of the IWPCA, 820 ILCS § 115/2.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about the truth of whether other unknown purported collective or class members were employed by Defendant in the relevant period and therefore denies said allegations. Defendant denies the remaining allegations of this paragraph.

## FACTUAL ALLEGATIONS

### *A. Defendant's Rounding Policy and Practice*

**COMPLAINT ¶24:**

During the ten years preceding the filing of this lawsuit, Defendant used UKG (formerly known as Kronos) as its timekeeping system for its hourly employees. Defendant's timekeeping system allows it to track to the minute the clock in and clock out times of its hourly employees.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶25:**

When an hourly employee punches in or out for work at any location, Defendant collects, tracks, monitors, sorts, and maintains their clock in and clock out times.

**ANSWER:**

Defendant admits that when an hourly employee punches in or out for work, Defendant collects and maintains records from its timekeeping system, including the clock in and clock out times. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶26:**

Defendant collects, tracks, monitors, sorts, and maintains to the minute the clock in and clock out times of Defendant's hourly employees regardless of where the hourly employee works.

**ANSWER:**

Defendant admits that when an hourly employee punches in or out for work, Defendant collects and maintains records from its timekeeping system, including the clock in and clock out times. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶27:**

Defendant configured its timekeeping system to round the clock in and clock out times of Defendant's hourly employees.

**ANSWER:**

Defendant denies the allegations in this paragraph.

**COMPLAINT ¶28:**

Specifically, Defendant configured its timekeeping system to round the clock in and clock out times for hourly employees when they clock in within seven minutes of their scheduled shift time.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶29:**

When the employee clocks in or out within seven minutes of their scheduled start time, Defendant pays its hourly employees based on the rounded time, not the actual and complete punch times.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶30:**

Under Defendant's rounding policy (the "Rounding Policy"), which applied to all non-exempt hourly employees, when an employee clocks in within seven (7) minutes before their scheduled start time, Defendant calculates the time work started for purposes of paying wages by rounding the clock in time to the employee's scheduled start of work time.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶31:**

Under the Rounding Policy, when an employee clocks out within seven (7) minutes after their scheduled end time, Defendant calculates the time work ended for purposes of paying wages by rounding the clock out time to the employee's scheduled end of work time.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶32:**

For example, if Defendant schedules an hourly employee to start work at 9:00 a.m. and the employee clocks in to work at 8:55 a.m., Defendant, consistent with the Rounding Policy, rounds away and does not pay the employee for the five (5) minutes worked from 8:55 a.m. to 9:00 a.m.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶33:**

If Defendant schedules an hourly employee to stop work at 5:00 p.m. and the employee clocks out of work at 5:06 p.m., Defendant, consistent with the Rounding Policy, rounds away and does not pay the employee for the six (6) minutes worked from 5:00 p.m. to 5:06 p.m.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶34:**

Defendant, consistent with its Rounding Policy, rounds away and does not pay employees for time recorded as worked where that time is seven minutes or less before a scheduled work start time.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶35:**

Defendant, consistent with its Rounding Policy, rounds away and does not pay employees for time recorded as worked where that time is seven minutes or less after a scheduled work end time.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶36:**

The following examples illustrate the Rounding Policy as applied to the clock in times at the beginning of an employee's shift:

| Scheduled Start Time | Actual Time Clocked In | Time That Paycheck Will Say Employee Clocked In (i.e., Rounded Time) |
|---|---|---|
| 8:00 a.m. | 7:53 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:55 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:56 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:57 a.m. | 8:00 a.m. |
| 8:00 a.m. | 7:54 a.m. | 8:00 a.m. |

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶37:**

The following examples illustrate the Rounding Policy as applied to the clock out times at the at the end of an employee's shift:

| Scheduled End Time | Actual Time Clocked Out | Time That Paycheck Will Say Employee Clocked Out (i.e., Rounded Time) |
|---|---|---|
| 6:00 p.m. | 6:03 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:07 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:04 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:06 p.m. | 6:00 p.m. |
| 6:00 p.m. | 6:05 p.m. | 6:00 p.m. |

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶38:**

Plaintiffs and the putative class and collective performed compensable work activities while "on the clock" and during the time that Defendant rounded away pursuant to its Rounding Policy.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶39:**

Under Defendant's Rounding Policy, Defendant systematically rounds time off both ends of its hourly employees' work shift to the advantage of Defendant and to the financial harm and underpayment of its hourly employees.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶40:**

As a direct consequence of the Rounding Policy, Defendant has been systematically underpaying its hourly employees significant sums of wages.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶41:**

The Rounding Policy results in Defendant failing to pay hourly employees accurately and fairly over time, to Defendant's financial gain and the hourly employees' financial detriment.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶42:**

The aggregate sum of unpaid wages for all employees based upon the Rounding Policy is substantial on a daily, weekly, and annual basis. This is particularly so because Defendant employed thousands of hourly employees during the applicable statutory recovery periods.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶43:**

If Defendant paid its hourly employees on a continuous workday basis – paid from actual punch time in, to actual punch time out – its hourly employees would be paid more wages.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶44:**

Additionally, Defendant has personnel and disciplinary policies that further ensure that the Rounding Policy will work to Defendant's advantage and its hourly employees' detriment. For example, Defendant's tardiness and punctuality policies and practices do not allow hourly employees to freely or frequently be tardy or late to work.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶45:**

Under Defendant's tardiness and punctuality policies, hourly employees who are tardy may be subject to discipline up to and including termination.

**ANSWER:**

Defendant admits that under its policies, hourly employees who are tardy may be subject to discipline up to and including termination. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶46:**

Plaintiffs and similarly situated hourly employees generally begin working before the start of their scheduled shift time, as opposed to after their scheduled start time.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶47:**

Under Defendant's policies and practices, once an hourly employee clocks into work, Defendant considers them to be "on the clock" and they should be working.

**ANSWER:**

Defendant admits that once an hourly employee clocks into work, they are considered "on the clock." Defendant denies the allegations of this paragraph.

**COMPLAINT ¶48:**

Defendant does not train its hourly workers that in instances where the Rounding Policy applies Defendant will pay them as if they had clocked in at their scheduled start time as long as they clocked in within seven minutes after their scheduled start time.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**<u>COMPLAINT ¶49:</u>**

Defendant does not discipline its hourly workers who clock in seven minutes or less before their scheduled start time.

**<u>ANSWER:</u>**

Defendant admits the allegations of this paragraph.

***B. Defendant's Rounding Rules Are Applied to All Hourly Employees***

**<u>COMPLAINT ¶50:</u>**

At all relevant times, Defendant has utilized a common time and attendance system for its hourly employees.

**<u>ANSWER:</u>**

Defendant denies the allegations of this paragraph.

**<u>COMPLAINT ¶51:</u>**

Regardless of which location or building where the hourly employees work, their clock in and clock out times are processed, adjusted, maintained, and kept in a common timekeeping system that is Defendant's enterprise-wide timekeeping system.

**<u>ANSWER:</u>**

Defendant admits it uses a common timekeeping system for its hourly employees.

Defendant denies the allegations of this paragraph.

**<u>COMPLAINT ¶52:</u>**

At all relevant times, Defendant's timekeeping system had rounding rules that Defendant applied to its hourly employees' clock in and clock out times.

**<u>ANSWER:</u>**

Defendant denies the allegations of this paragraph.

**<u>COMPLAINT ¶53:</u>**

At all relevant times, Defendant's timekeeping system rounded the clock in and clock out times of its hourly employees, regardless of which location or building the hourly employees worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶54:**

At all relevant times, there has been no category of hourly employees whose clock in and clock out times were not subject to Defendant's rounding policies and practices described herein.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶55:**

Defendant's payroll department uses the rounded clock in and clock out times to calculate the payroll and compensation for Defendant's hourly employees, regardless of where an employee works or the job duties they perform.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶56:**

On information and belief, prior to the filing of this lawsuit, Defendant did not at any time audit or investigate its rounding policies and practices to determine if its rounding policies and practices are fair and equitable to its employees.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶57:**

On information and belief, prior to the filing of this lawsuit, Defendant did not at any time audit or investigate its rounding policies and practices to determine if its rounding policies and practices unfairly benefit Defendant to the employees' detriment over a period of time, whether that period of time is, for example, one month, three months, six months, 12 months or longer.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶58:**

On information and belief, at no time prior to the filing of this lawsuit has Defendant undertaken a review of any meaningful type to assess whether its rounding policies and practices unfairly deprive its hourly employees of wages and compensation.

**ANSWER:**

Defendant denies the allegations of this paragraph.

***C. Defendant Knew of and Assented to the Unpaid Work***

**COMPLAINT ¶59:**

Defendant's policy and practice requires and/or permits employees to work once they have clocked in and are "on the clock."

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶60:**

Through its own rounding policies and practices and its own attendance and punctuality policies and practices, Defendant knew and was aware that its hourly employees performed work activities after they clocked in and were "on the clock."

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶61:**

Defendant knowingly required Plaintiffs and other similarly situated individuals to perform unpaid work once they clocked in and were "on the clock."

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶62:**

Indeed, Defendant does not allow its employees to clock in and be "on the clock" but not work.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶63:**

By knowing of, permitting and/or requiring Plaintiffs and similarly situated hourly employees to perform work activities once they clocked in and were "on the clock", Defendant assented to them performing the work that is ultimately rounded away under its rounding policies and practices.

**ANSWER:**

Defendant denies the allegations of this paragraph.

## COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶64:**

Plaintiffs bring Count I of this Complaint as an FLSA, Section 216(b) collective action on behalf of themselves and all other current and former hourly employees of Defendant whose clock in and clock out times were rounded as described herein.

**ANSWER:**

Defendant admits Plaintiffs seek to bring Count I on behalf of themselves and a purported collective of all other current and former hourly employees. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶65:**

Plaintiffs' Counsel seeks to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendant as hourly employees in Illinois at any time during the three years preceding the filing of this lawsuit and whose clock in and clock out times were rounded to their detriment (the "FLSA collective").

**ANSWER:**

Defendant admits Plaintiffs seek to send notice of this lawsuit to the putative collective as described but denies the remaining allegations of this paragraph.

**COMPLAINT ¶66:**

Plaintiffs and the other employees are similarly situated to one another because they are hourly employees whose clock in and clock out times were all subject to the Rounding Policy.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶67:**

Plaintiffs and the other hourly employees are similar because Defendant did not pay them for all time they actually worked.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶68:**

Plaintiffs and the other hourly employees are similar because Defendant did not pay them for the work time that Defendant rounded away under its Rounding Policy.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶69:**

There are questions of law or fact common to the employees described in paragraph 65.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶70:**

Plaintiffs are similarly situated to the employees described in paragraph 65, as Plaintiffs' claims are typical of the claims of those persons.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶71:**

Plaintiffs' claims or defenses are typical of the claims or defenses of the persons described in paragraph 65.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶72:**

This is not a collusive or friendly action. Plaintiffs have retained counsel experienced in complex employment litigation, and Plaintiffs and their counsel will fairly and adequately protect the interests of the persons described in paragraph 65.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶73:**

A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶74:**

At all relevant times, Defendant employed Plaintiffs and the persons described in paragraph 65.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**CLASS ACTION ALLEGATIONS**

**COMPLAINT ¶75:**

Plaintiffs bring Count II and Count III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other current and former hourly employees of Defendant who Defendant required to perform the work described herein without pay.

**ANSWER:**

Defendant admits Plaintiffs seek to bring Count II and Count III on behalf of themselves and all other current and former hourly employees. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶76:**

With respect to Plaintiffs' IMWL claims, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as hourly employees in Illinois at any time between April 24, 2023 and the present and whose clock in and clock out times were rounded to their detriment (the "IMWL Class").

**ANSWER:**

Defendant admits Plaintiffs seek to represent a class as described in this paragraph but denies the remaining allegations of this paragraph.

**COMPLAINT ¶77:**

With respect to Plaintiffs' IWPCA claims, Plaintiffs seek to represent a class that is comprised of and defined as:

> All persons who worked for Defendant as hourly employees in Illinois at any time between April 24, 2016 and the present whose hourly rate exceeded the applicable Illinois minimum wage and who did not receive the full amount of wages earned and owed to them (herein the "IWPCA Class").

**ANSWER:**

Defendant admits Plaintiffs seek to represent a class as described in this paragraph but denies the remaining allegations of this paragraph.

**COMPLAINT ¶78:**

This action is being brought as a class action pursuant to Fed. R. Civ. P. 23, because the IMWL Class and IWPCA Class are so numerous that joinder of all class members is impracticable.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶79:**

Plaintiffs and the other employees are similarly situated to one another because they were all subject to the Rounding Policy.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**<u>COMPLAINT ¶80:</u>**

Plaintiffs and the other employees are similar because Defendant did not pay them for all time they actually worked.

**<u>ANSWER:</u>**

Defendant denies the allegations of this paragraph.

**<u>COMPLAINT ¶81:</u>**

Plaintiffs and the other employees are similar because Defendant did not pay them for the work time that Defendant rounded away under the Rounding Policy.

**<u>ANSWER:</u>**

Defendant denies the allegations of this paragraph.

**<u>COMPLAINT ¶82:</u>**

Plaintiffs and the members of the IMWL Class and IWPCA Class have been detrimentally affected by the Rounding Policy.

**<u>ANSWER:</u>**

Defendant denies the allegations of this paragraph.

**<u>COMPLAINT ¶83:</u>**

Plaintiffs and the members of the IMWL Class and IWPCA Class have been detrimentally affected by Defendant's failure to pay all earned wages to Plaintiffs and the class members.

**<u>ANSWER:</u>**

Defendant denies the allegations of this paragraph.

**<u>COMPLAINT ¶84:</u>**

Furthermore, members of the IMWL Class and IWPCA Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

**<u>ANSWER:</u>**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶85:**

The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the IMWL Class and IWPCA Class, if any.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶86:**

Plaintiffs and the members of the IMWL Class and IWPCA Class, as well as Defendant, have a commonality of interest in the subject matter and the remedy sought.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶87:**

Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the IMWL Class and IWPCA Class.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶88:**

If individual actions were required to be brought by each member of the Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL Class and IWPCA Class, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶89:**

Plaintiffs have retained counsel experienced in complex employment litigation and in class action litigation. Plaintiffs' Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶90:**

Plaintiffs and their counsel will fairly and adequately protect the interests of the IMWL Class and the IWPCA Class.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COUNT I – FLSA**
**(Failure to Pay Overtime Wages)**

**COMPLAINT ¶91:**

Plaintiffs re-allege and incorporates by reference paragraphs 1 through 74 as paragraph 91 of this Count I.

**ANSWER:**

Defendant incorporates by reference its foregoing admissions and denials as if fully written herein.

**COMPLAINT ¶92:**

Plaintiffs, individually and on behalf of the collective described in paragraph 65, asserts claims for unpaid overtime pursuant to the FLSA.

**ANSWER:**

Defendant admits Plaintiffs seek to bring this Count on their own behalf and on behalf of a purported collective. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶93:**

At all times relevant hereto, Defendant was an “enterprise engaged in commerce” within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

**ANSWER:**

Defendant admits the allegations of this paragraph.

**COMPLAINT ¶94:**

At all times relevant hereto, Defendant was an "employer" of Plaintiffs and the members of the collective described in paragraph 65 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the identity and employment status of those who may seek to opt into the FLSA collective and therefore denies the allegations as pertains to them. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶95:**

At all times relevant hereto, Plaintiffs and the members of the collective described in paragraph 65 were "employees" of Defendant as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**ANSWER:**

Defendant lacks sufficient knowledge or information to form a belief as to the identity and employment status of those who may seek to opt into the FLSA collective and therefore denies the allegations as pertains to them. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶96:**

Plaintiffs and the members of the collective described in paragraph 65 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶97:**

At all times relevant hereto, Defendant's failure to pay Plaintiffs and the members of the collective described in paragraph 65 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

a. Defendant knew that the FLSA required it to pay employees time and one-half for all time worked over 40 hours in a week;

b. Defendant failed to maintain true and accurate time records;

c. Defendant knew that the Rounding Policy improperly rounded its hourly employees' time for purposes of calculating wages owed to the advantage of Defendant and to the detriment of its employees; and Defendant never performed an audit or otherwise investigated whether the Rounding Policy was neutral.

**ANSWER:**

Defendant admits it is aware of its obligation under the FLSA to pay employees time and one-half for all time worked over 40 hours in a week. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶98:**

As a direct and proximate result thereof, Plaintiffs and the members of the collective described in paragraph 65 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

**ANSWER:**

Defendant denies the allegations of this paragraph.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, by and through their attorneys, demand judgment against Defendant and in favor of Plaintiffs and all others similarly situated in a sum that will properly, adequately, and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

a. Declare and find that the Defendant committed one or more of the following acts:

   i. Violated provisions of the FLSA for Plaintiffs and all persons who opt-in as an opt-in Plaintiffs; and

   ii. Willfully violated provisions of the FLSA for Plaintiffs and all persons who opt-in as an opt-in Plaintiffs.

b. Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

c. Award liquidated damages on all wages and overtime compensation due to Plaintiffs and all persons who opt-in as an opt-in Plaintiffs;

d. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

e. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

f. Grant leave to add additional Plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

g. Grant such further relief as the Court deems just and equitable.

**ANSWER:**

Defendant denies that Plaintiffs are entitled to the relief requested.

**COUNT II – ILLINOIS MINIMUM WAGE LAW**
**(Failure to Pay Earned Overtime Wages)**

**COMPLAINT ¶99:**

Plaintiffs hereby re-allege and incorporates by reference paragraphs 1 through 63 and 75 through 90 as paragraph 99 of this Count II, as if fully set forth herein.

**ANSWER:**

Defendant incorporates by reference its foregoing admissions and denials as if fully written herein.

**COMPLAINT ¶100:**

This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

**ANSWER:**

Defendant admits that this Court has jurisdiction over Plaintiffs' state-law claims pursuant to the statute cited but denies the remaining allegations of this paragraph.

**COMPLAINT ¶101:**

The matters set forth in this Count II arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a. Plaintiffs bring this action on their own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

**ANSWER:**

Defendant admits Plaintiffs seek to bring this Count on behalf of themselves and on behalf of a purported class. Defendant denies the remaining allegations of this paragraph.

**COMPLAINT ¶102:**

Defendant employed Plaintiffs and other similarly situated hourly workers as "employees," as the term "employee" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶103:**

At all relevant times, Defendant was an "employer" of Plaintiffs and other similarly situated hourly workers, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶104:**

Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiffs and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

**ANSWER:**

Defendant admits the IMWL says what it says.

**COMPLAINT ¶105:**

Defendant did not pay Plaintiffs and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶106:**

Defendant violated the IMWL by refusing to compensate Plaintiffs and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶107:**

Pursuant to 820 ILCS § 105/12(a), Plaintiffs and the members of the IMWL Class are entitled to recover treble damages and statutory penalties in the amount of five percent (5%) per month of the amount of underpayments.

**ANSWER:**

Defendant denies the allegations of this paragraph.

WHEREFORE, Plaintiffs and the members of the IMWL Class pray for a judgment against Defendant as follows:

a. That the Court determine that this action may be maintained as a class action.

b. A judgment in the amount of one and one-half times Plaintiffs' and each other member of the IMWL Class's regular rate for all time they worked in excess of forty (40) hours per week, trebled;

c. Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

d. Reasonable attorneys' fees and costs incurred in filing this action; and

e. Such other and further relief as this Court deems appropriate and just.

**ANSWER:**

Defendant denies Plaintiffs are entitled to the relief described.

**COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT**
**(Failure to Pay the Agreed Upon Rate For Work Assented to by Defendant)**

**COMPLAINT ¶108:**

Plaintiffs hereby re-allege and incorporates by reference paragraphs 1 through 63 and 75 through 90 as paragraph 108 of this Count III as if fully set forth herein.

**ANSWER:**

Defendant incorporates by reference its foregoing admissions and denials as if fully written herein.

**COMPLAINT ¶109:**

Plaintiffs, individually and on behalf of all others similarly situated, bring this Count III to recover from Defendant unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

**ANSWER:**

Defendant admits Plaintiffs purport to assert a class action pursuant to the IWPCA and Fed. R. Civ. P. 23 but denies the remaining allegations of this paragraph.

**COMPLAINT ¶110:**

At all times relevant, and at Defendant's request, Plaintiffs and the members of the putative IWPCA Class performed work for Defendant.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶111:**

As set forth supra, Defendant assented to pay Plaintiffs and the members of the putative IWPCA Class at an agreed-upon hourly rate at or in excess of the applicable Illinois Minimum Wage Law hourly rate, for all work Defendant permitted and/or required.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶112:**

As set forth supra, Defendant assented to the hourly employees performing the work described above by, among other means, Defendant's knowledge and awareness of the pre-and post-shift work described herein.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶113:**

Defendant regularly observed, without objection or negative comment, the record and documentation of having Plaintiffs and the members of the putative IWPCA Class perform work prior to the start of their scheduled shift time, and after the end of their scheduled shift time.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶114:**

During their employment with Defendant, Plaintiffs and similarly situated Illinois employees had an agreement with Defendant within the meaning of the IWPCA to be compensated for all time worked at the rates agreed to by the parties. Defendant did not pay Plaintiffs or similarly situated Illinois employees for all hours worked at the rates agreed to by the parties as described herein.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶115:**

Plaintiffs and the putative IWPCA Class members were entitled to be paid for all time worked at the rate agreed to by the parties.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶116:**

Defendant's policy and practice when it offered employment to Plaintiffs and members of the putative IWPCA Class was to state in a letter the specific position Defendant was offering, including job title, along with the hourly rate Defendant would pay them for working, their weekly schedule and the location where they would work. Defendant's offer letter did not inform Plaintiffs and the members of the putative IWPCA class that they would not be paid for all the work Defendant required and/or permitted.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶117:**

Defendant has failed to pay Plaintiffs and the members of the putative IWCPA Class the full amount due for all time worked on their regularly scheduled paydays, including but not

limited to their final compensation, because Defendant did not pay them for the work described herein, in violation of the IWPCA, 820 ILCS § 115/4.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶118:**

Defendant has failed to pay Plaintiffs and the putative IWPCA Class the full amount for all hours worked because of the improper practices described herein.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶119:**

Illinois Statutes 820 ILCS §§115/1 et seq. defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties...".

**ANSWER:**

Defendant admits the IWPCA says what it says.

**COMPLAINT ¶120:**

Under the IWPCA, payment to separated employees is termed "final compensation" and is defined as "wages, salaries, earned commissions, earned bonuses...and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties." 820 ILCS § 115/2.

**ANSWER:**

Defendant admits the IWPCA says what it says.

**COMPLAINT ¶121:**

Illinois Statutes 820 ILCS §115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. Illinois Statutes 820 ILCS §115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly schedule payday for such employee."

**ANSWER:**

Defendant admits the IWPCA says what it says.

**COMPLAINT ¶122:**

Defendant violated Illinois Statutes 820 ILCS §§115/1 et seq. by regularly and repeatedly failing to properly compensate Plaintiffs and the putative IWPCA Class members for the actual time they worked each week within 13 days of the date such compensation was earned and by failing to properly compensate Plaintiffs and the putative IWPCA Class members their rightful wages by the next scheduled payday after their separation.

**ANSWER:**

Defendant denies the allegations of this paragraph.

**COMPLAINT ¶123:**

As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the putative IWPCA class have suffered and will continue to suffer lost wages and other damages.

**ANSWER:**

Defendant denies the allegations of this paragraph.

WHEREFORE, Plaintiffs and the members of the IWPCA Class pray for a judgment against Defendant as follows:

a. That the Court determine that this Count III may be maintained as a class action;

b. A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

c. Statutory damages pursuant to the formula set forth in 820 ILCS § 115/14(a);

d. Reasonable attorneys' fees and costs incurred in filing this action; and

e. Such other and further relief as this Court deems appropriate and just.

**ANSWER:**

Defendant denies Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant incorporates by reference its admissions and denials in its Answer and further asserts the following affirmative and other defenses to the Complaint:

1. Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices and was in good faith compliance with the FLSA with respect to Plaintiff and/or potential collective or class members.

2. To the extent Plaintiffs and any potential collective or class members seek to recover for time periods beyond the statute of limitations, said recovery is barred as untimely.

3. The claims of Plaintiffs and potential collective or class members are barred to the extent that they were resolved in *Pierro v. The Carle Foundation Hospital*, Case No. 2:23-cv-02117 (C.D. Ill.).

4. The IWPCA claims of potential class members are barred to the extent that they released them.

5. Plaintiffs' claims and/or those of potential collective action members are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA, IMWL, and IWPCA.

6. Plaintiffs' claims and those of potential collective or class members fail to the extent that, even if Plaintiffs and the individuals he seeks to represent in this action were not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine.

7. Plaintiffs' claims and those of potential collective or class members are barred, in whole or in part, because they failed to accurately record or report all time worked in accordance with Defendant's lawful timekeeping policies.

8. The Court lacks specific personal jurisdiction over any non-resident opt-in plaintiffs. *See Bristol-Myers Squibb Co. v. Superior Court of California*, 582 U.S. 255 (2017).

Defendant reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of litigation.

Dated: June 12, 2026

Respectfully submitted,

IOWA HEALTH SYSTEM d/b/a
UNITYPOINT HEALTH

By: */s/ Hannah Sosenko*

Noah A. Finkel
Hannah Sosenko
nfinkel@seyfarth.com
hsosenko@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
(312) 460-5000

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 12, 2026, she electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

*/s/ Hannah Sosenko*