E-FILED
Tuesday, 18 August, 2026 02:38:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JENNIFER RANDOLPH and MAGGIE MCMAHON,<br><br>Plaintiffs,<br><br>v.<br><br>IOWA HEALTH SYSTEM d/b/a UNITYPOINT HEALTH,<br><br>Defendant. | ) | Case No. 4:26-cv-04110-SLD-RLH |

ORDER

Before the Court are Defendant Iowa Health System d/b/a UnityPoint Health's Motion to Dismiss or, in the Alternative, Transfer Venue, ECF No. 15, and the parties' Joint Motion to Transfer Venue, ECF No. 19. For the reasons that follow, the joint motion is GRANTED, and the motion to dismiss is MOOT.

**BACKGROUND**

Plaintiffs Jennifer Randolph and Maggie McMahon, individually and on behalf of other persons similarly situated, filed this suit against Defendant alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1–15, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1–20. *See generally* Compl., ECF No. 1. Plaintiffs allege that "Defendant has a wage and hour policy and practice that rounds Plaintiffs' and similarly situated hourly employees' clock in and clock out times to the advantage of Defendant and to the detriment of Plaintiffs and all other similarly situated hourly employees." *Id.* ¶ 4. Defendant filed a motion to dismiss the action "pursuant to the first-to-file doctrine" or, alternatively, to transfer the case to the U.S. District Court for the Southern District of Iowa, Mot. Dismiss 1, explaining that there is a nearly identical lawsuit

pending in the Southern District of Iowa, Mem. Supp. Mot. Dismiss 1, ECF No. 16. The case is *Horras v. Iowa Health System*, No. 4:26-cv-00018-SHL-WPK (S.D. Iowa), in which Auston Horras, individually and on behalf of those similarly situated, complains that Defendant's rounding policy violates the FLSA. Horras Compl., Horras v. Iowa Health Sys., No. 4:26-cv-00018-SHL-WPK (S.D. Iowa Jan. 8, 2026), ECF No. 1. Horras is represented by many of the same attorneys as Plaintiffs in this case. *See id.* at 19. Plaintiffs "have decided not to oppose Defendant's Motion" and, in return, Defendant has agreed to transfer of the case to the Southern District of Iowa rather than dismissal. Joint Mot. ¶¶ 3–4.

## DISCUSSION

### I. Legal Standard

A court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented," if such transfer is "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). "Transfer is possible under Section 1404(a) only if the transferor court is a proper venue under the applicable venue provisions." 15 *Wright & Miller's Federal Practice & Procedure* § 3844 (4th ed. 2026). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

### II. Analysis

Transfer under § 1404(a) is appropriate in this case. Venue is proper in this Court as many of the alleged unlawful employment practices occurred in the Central District of Illinois. *See* Compl. ¶¶ 13, 15; 28 U.S.C. § 1391(b)(2) (providing that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred"). And the parties agree to transfer to the Southern District of Iowa. *See* 28 U.S.C. § 1404(a).

The Court must also decide whether the transfer is for the convenience of parties and witnesses. In making this determination, the Court considers factors like: (1) "the availability of and access to witnesses," (2) "each party's access to and distance from resources in each forum," (3) "the location of material events," and (4) "the relative ease of access to sources of proof." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Defendant is headquartered and incorporated in Iowa. *See* Compl. ¶ 18; Iowa Secretary of State, Business Entity Summary, https://sos.iowa.gov/search/business/search.aspx (select "Search by Business Number" and search for "181348") (last visited Aug. 18, 2026). Defendant states that at least some decisions related to the rounding policy at issue in this case occurred in Iowa and some relevant documents, records, and witnesses—particularly those related to payroll—are located in Iowa. Mem. Supp. Mot. Dismiss 11–12. Plaintiffs' counsel can easily litigate this case in the Southern District of Iowa considering they are already representing the plaintiff in the related case there. *Id.* at 12–13. Moreover, as the Central District of Illinois borders the Southern District of Iowa, Plaintiffs themselves will not have to travel far for court proceedings. Considering these facts along with the parties' agreement to transfer, the Court finds that the transfer is for the convenience of the parties and witnesses.

The Court must finally decide whether the transfer is in the interest of justice. In making this determination, the Court considers factors like (1) "docket congestion and likely speed to trial in the transferor and potential transferee forums," (2) "each court's relative familiarity with the relevant law," (3) "the respective desirability of resolving controversies in each locale," and (4) "the relationship of each community to the controversy." *Rsch. Automation*, 626 F.3d at 978.

The Court also considers whether there is related litigation in the other forum. *See Coffey*, 796 F.2d at 221.

Here, the desire to try related litigation in the same court weighs heavily in favor of transfer. Section 1404(a) "was created to prevent the situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts." *Clendenen v. Steak N Shake Ops., Inc.*, No. 1:17-cv-01045-JBM-JEH, 2017 WL 1968604, at *5 (C.D. Ill. May 12, 2017) (quotation marks omitted). Although this case has additional Illinois state law claims, the facts of the case and the FLSA claim are nearly identical to those in *Horras*. "The parties and the claims are so similar it would be wasteful and duplicative to have two different courts familiarize themselves with the controversy." *Id.* (quotation marks omitted). And as the case has been pending in the Southern District of Iowa since January, that court has more familiarity with the case than this Court. Transfer would also protect Defendant from defending against substantially similar claims in two different jurisdictions subject to two separate appellate courts. *See id.* Additionally, Iowa has a strong interest in resolving this issue that affects a large employer in its state. Considering these factors along with the parties' agreement to transfer, the Court finds that transferring the case is in the interest of justice.

**CONCLUSION**

Accordingly, the parties' Joint Motion to Transfer Venue, ECF No. 19, is GRANTED. Defendant Iowa Health System d/b/a UnityPoint Health's Motion to Dismiss or, in the Alternative, Transfer Venue, ECF No. 15, is MOOT. This case is transferred to the Southern District of Iowa under 28 U.S.C. § 1404(a).

Entered this 18th day of August, 2026.

s/ Sara Darrow

SARA DARROW
UNITED STATES DISTRICT JUDGE